IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC., | ) ) ) |
| Plaintiff, | ) )   C.A. No. 12-894-GMS |
| v. | ) ) ) |
| AKER BIOMARINE ASA, AKER BIOMARINE ANTARCTIC USA, INC., and SCHIFF NUTRITION INTERNATIONAL, INC. | ) ) ) ) |
| Defendants. | ) ) |

## ORDER OF DISMISSAL

WHEREAS:

1. On October 4, 2011 Plaintiff Neptune Technologies & Bioressources, Inc. ("Neptune") filed a complaint in this action accusing the Defendants of infringing all of the claims of U.S. Patent No. 8,030,348 ("'348 Patent").

2. On December 19, 2011 the Defendants Aker BioMarine ASA[1] and Aker BioMarine Antarctic USA, Inc. (collectively, "AKBM"), and Schiff Nutrition International, Inc. ("Schiff"), filed their Answer and Counterclaims denying infringement and asserting affirmative defenses and counterclaims that all of the claims of the '348 Patent are invalid.

3. On December 16, 2013, Neptune and AKBM reached agreement on the terms of a licensing relationship and entered into an agreement ("Settlement Agreement") concerning settlement of this matter.

4. Pursuant to the Settlement Agreement, Neptune's claims against Defendants in the above-captioned action shall be dismissed with prejudice.

---

[1] Aker BioMarine ASA currently operates as Aker BioMarine AS.

{00892851;v1 }

5. Pursuant to the Settlement Agreement, AKBM's counterclaims against Neptune in the above-captioned action shall be dismissed with prejudice, except that dismissal of AKBM's counterclaims shall be without prejudice to refile those claims if Neptune later accuses AKBM or any of AKBM's suppliers, distributors, customers, AKBM krill based products manufacturers or encapsulators, users and purchasers of products, employees, Board members and providers of logistics importation, and sales services of infringement of any existing or future patent owned by Neptune or its successors anywhere in the world having U.S. Provisional Patent Application No. 60/307,842 filed July 27, 2001 and International PCT Patent Application PCT/CA2002/001185 (WO/2003/011874) filed July 29, 2002 as ancestors, including all foreign counterparts, continuations, continuations in part, and divisions of any such patents (all such patents referred to collectively as the "the '348 patent family").

6. Schiff's counterclaims against Neptune in the above-captioned action shall be dismissed with prejudice except that dismissal of Schiff's counterclaims shall be without prejudice to refile those claims if Neptune later accuses Schiff, any Schiff Affiliate, or any of Schiff's or Schiff Affiliate's suppliers, distributors, customers, Schiff or Schiff Affiliate krill based products manufacturers or encapsulators, users and purchasers of products, employees, Board members and providers of logistics, importation, and sales services of infringement of the '348 patent family. Neither Schiff nor any other entity that controls, is controlled by, or is under common control with Schiff ("Schiff Affiliate") shall seek to initiate or participate in any post-grant proceedings of any patents in the '348 patent family, or otherwise challenge the validity of any patents in the '348 patent family, or assist others in doing so, unless Neptune later accuses Schiff and/or a Schiff Affiliate of infringement of any patent right in the '348 patent family.

7. This Order represents, pursuant to 35 U.S.C. § 317(b) (2012), a final decision and adjudication on the merits of all claims, counterclaims and defenses that were or could have been made in this action between Neptune and the Defendants (including AKBM) with respect to the (A) all claims of the '348 Patent and (B) the accused products as enumerated in the Complaint. Thus, all such claims are hereby dismissed with prejudice, except as noted herein. This order constitutes, for the purpose of 35 U.S.C. § 317(b) (2012), a final decision that Defendants (including AKBM) have not sustained their burden of proving invalidity of any claim of the '348 Patent in suit, with all claims being having been in suit.

8. Neptune and Defendants shall each bear their own attorney fees and costs incurred in connection with this action.

SO ORDERED this _____ day of _____, 2014.

_____
Hon. Gregory M. Sleet
United States District Judge